UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS' HEALTH FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS' VACATION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS' APPRENTICESHIP & JOURNEYMAN TRAINING FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS DEFINED BENEFIT PENSION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS' DEFINED CONTRIBUTION PENSION FUND, and JERRY SHAE (in his capacity as Trustee),**

                Plaintiffs,

  v.                                               Case No.  17-cv-710

**NOSTAM, INC.**

                Defendant.

_____

**COMPLAINT**
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

**Jurisdiction and Venue**

    1.    Jurisdiction of this Court upon Nostam, Inc. ("Nostam") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947

(hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff North Central States Regional Council of Carpenters Health Fund is administered within this district with offices located in Eau Claire County, Wisconsin.

**Parties**

3. Plaintiffs North Central States Regional council of Carpenters' Health Fund, North Central States Regional Council of Carpenters' Vacation Fund, North Central States Regional Council of Carpenters' Apprenticeship & Journeyman Training Fund, North Central States Regional Council of Carpenters Defined Benefit Pension Fund, and North Central States Regional Council of Carpenters' Defined Contribution Pension Fund (collectively the "Carpenters Fringe Benefit Funds") are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintains 1704 Devney Drive, Altoona, Wisconsin 54702 and a mailing address at P.O. Box 4002, Eau Claire, Wisconsin 54702.

4. Plaintiff Jerry Shea is a trustee and fiduciary of the North Central States Regional Council of Carpenters' Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Shea maintains an office at Market & Johnson, Inc. 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5. Plaintiff North Central States Regional Council of Carpenters (hereinafter "Carpenters Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings the action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains an office at N2216 Bodde Road, Kaukauna, WI 54130.

6. Defendant Nostam, Inc is a domestic corporation organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 1215 Lockwood Avenue, with additional offices at 5521 Whirlaway Lane, Racine, WI 53402. Its registered agent for service of process is Stanley Matson, 1215 Lockwood Avenue, Racine, Wisconsin 53403.

**Facts**

7. Nostam is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

8. For all times relevant, Nostam was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the North Central States Regional Council of Carpenters Union (hereinafter "Union").

9. The Union represents, for purposes of collective bargaining, certain Nostam employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

10. The Labor Agreements described herein contain provisions whereby Nostam agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, Nostam adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Nostam has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

      c.     to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

      d.     to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

      e.     to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

      f.     to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      g.     to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

13.    Nostam has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      A.     failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Fabcon's covered employees; and

      B.     failing to accurately report employee work status to the Plaintiffs.

14.    ERISA § 502(g) (2), as amended by the MPPAA, provides:

  (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of --

      (i) interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

  15. ERISA § 515 provides:

  Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

  16. Despite demands that Nostam perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to allow access to the Funds' auditor to determine whether Defendant has made its required payments. Nostam may be indebted to the Plaintiff Funds for the following periods.

<u>Audit Period: January 1, 2013 to the Present:</u>

| | |
|---|---|
| North Central States Regional Council of Carpenters' Health Fund | Unknown |
| North Central States Regional Council of Carpenters' Vacation Fund | Unknown |
| North Central States Regional Council of Carpenters' Apprenticeship & Journeyman Training Fund | Unknown |
| North Central States Regional Council of Carpenters' Defined Benefit Pension Fund | Unknown |
| North Central States Regional Council of Carpenters' Defined Contribution Pension Fund | Unknown |
| North Central States Regional Council of Carpenters | Unknown |

17. Despite demands from the Fund's auditor, Nostam has denied the Carpenters Fringe Benefit Funds' auditor access to books and records needed to compile an audit for the period January 1, 2014 to the present.

### Claim One - Against Defendant Nostam, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

18. As and for a claim for relief against Defendant Nostam, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19. Repeated demands have been made by the Plaintiffs upon Nostam for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

20. Because, as the Plaintiffs are informed and believe, Nostam has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Plaintiffs' trust funds is reduced, the Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

21. Because Nostam has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Nostam:

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2014 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring Nostam to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Nostam's accounts receivable. With respect to each account receivable, Nostam shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

    E.  The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

  3.  An order directing Nostam to fully submit to an audit of the company's books and records by the Carpenters Fringe Benefit Funds' designated representative for the period January 1, 2014 to the present.

  4.  The Court should retain jurisdiction pending compliance with its order.

  5.  For such other, further or different relief as the Court deems just and proper.

  Dated this 15th day of September, 2017.

            s/Philip E. Thompson
            Philip E. Thompson (SBN: 1099139)
            **The Previant Law Firm, S.C.**
            310 W. Wisconsin Avenue, Suite 100MW
            Milwaukee, WI 53203
            414-271-4500 (Telephone)
            414-271-6308 (Fax)
            Email: pet@previant.com

            Attorneys for Plaintiffs